IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

NO. 13-4986

_____

UNITED STATES OF AMERICA,

Appellee,

v.

KOREY MAURICE McGIRT,

Appellant.

_____

BRIEF  FOR  APPELLANT

_____

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA

_____

BETTINA KAY ROBERTS
CJA Attorney – Appointed
2026 Pershing Street
Durham, North Carolina 27705

**Counsel For Appellant**

# TABLE OF CONTENTS

Page

Table of Cases, Statutes, and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue Presented for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Argument

      The District Court Erroneously Assessed Three Criminal
      History Points for a 2005 Conviction Under South Carolina's
      Youthful Offender Act ("YOA"), Thereby Elevating Mr. McGirt's
      Criminal History Category And, As A Result, His Sentencing
      Guideline Range . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

Certificate of Compliance with Typeface and Length Limitations

Certificate of Service of Brief and Appendix

# TABLE OF CASES, STATUTES, AND AUTHORITIES

## CASES

*United States v. Crumblin*,
    441 Fed. Appx. 180 (4th Cir. 2011) (*per curiam*)
    (unpublished) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*United States v. Ford*,
    88 F.3d 1350 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Mobley*,
    482 Fed. Appx. 766 (4th Cir. 2012) (*per curiam*)
    (unpublished). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*United States v. Pinion*,
    4 F.3d 941 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*United States v. Williams*,
    508 F.3d 724 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13-14

## STATUTES AND AUTHORITIES

18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

18 U.S.C. § 471. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

S.C. Code Ann. § 24-19-10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

S.C. Code Ann. § 24-19-50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

S.C. Code Ann. § 24-19-110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

U.S.S.G. § 4A1.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S.S.G. § 4A1.2(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12-14

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 471.  This Court's jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Korey Maurice McGirt filed a timely notice of appeal on December 23, 2013.  This appeal is from a final order.

## ISSUE PRESENTED FOR REVIEW

Whether the district court erroneously assessed three criminal history points for a 2005 conviction under South Carolina's Youthful Offender Act ("YOA"), thereby elevating Korey Maurice McGirt's criminal history category and, as a result, his sentencing guideline range.

## STATEMENT OF THE CASE

On April 30, 2013, a grand jury sitting in the Middle District of North Carolina indicted the appellant, Korey Maurice McGirt, in two counts of a five-count indictment. Count One charged Mr. McGirt, along with three co-defendants, with conspiracy to falsely make, counterfeit, and alter obligations of the United States, in violation of 18 U.S.C. § 471. (J.A. 7). Count Two charged that Mr. McGirt, along with his three co-defendants, did falsely make, counterfeit, and alter obligations of the United States, in violation of 18 U.S.C. §§ 471 and 2. (J.A. 9).

Mr. McGirt pled guilty to Count One of the indictment and, on December 10, 2013, the district court sentenced him to imprisonment for a term of 30 months on Count One. (J.A. 30). Mr. McGirt timely appealed his sentence to this Court. (J.A. 35).

## STATEMENT OF THE FACTS

The issue presented in this appeal arises from the district court's calculation of Korey Maurice McGirt's sentencing guideline range. Mr. McGirt will argue that the district court erroneously assessed three criminal history points for a 2005 conviction under South Carolina's Youthful Offender Act ("YOA"), thereby elevating Mr. McGirt's criminal history category and, as a result, his sentencing guideline range. The facts relevant to this appeal follow.

According to the government, on October 2, 2012, law enforcement agents arrested Mr. McGirt while he was in a vehicle traveling away from a Wal-Mart in Laurinburg, North Carolina. (J.A. 41). A search of Mr. McGirt's wallet revealed a genuine $100 bill with a serial number that matched that of a counterfeit $100 bill found in the wallet of one of Mr. McGirt's co-defendants. (J.A. 41). In addition, a search of the vehicle in which Mr. McGirt was traveling revealed a Canon Pixma Printer, Model MG2120, on which was found a counterfeit $50 bill which matched a counterfeit $50 bill that had recently been passed at the same Wal-Mart in Laurinburg. (J.A. 41).

4

On April 30, 2013, a federal grand jury indicted Mr. McGirt for conspiracy to falsely make, counterfeit, and alter counterfeit obligations of the United States and with falsely making a number of Federal Reserve Notes.  18 U.S.C. §§ 471 and 2. (J.A. 7, 9).  Mr. McGirt later pled guilty to the conspiracy count, contained in Count One of the indictment.  (J.A. 29).  Following the plea, the probation officer calculated Mr. McGirt's sentencing guideline range to be 33 to 41 months, based on a total offense level of 13 and a criminal history category of VI. (J.A. 58).

At sentencing, Mr. McGirt did not file any written legal objections.  (J.A. 15). However, at his sentencing hearing, counsel for Mr. MrGirt made several arguments for a downward variance from the sentencing guideline range as calculated in the presentence report.  (J.A. 15).  First, counsel for Mr. McGirt argued that the total offense level as calculated in the presentence report overstated the seriousness of Mr. McGirt's conduct because it assessed a four-point increase based on the fact that Mr. McGirt was found in possession of the printer used to make the counterfeit currency, without regard for the minimal total amount of currency involved in the

5

conspiracy. (J.A. 16). Second, counsel for Mr. McGirt argued that the criminal history category calculated in the presentence report overstated the seriousness of Mr. McGirt's criminal history because two points were assessed for a driving while license revoked conviction due to the fact that Mr. McGirt was unable to bond out and served 90 days in jail. (J.A. 16-17). For those reasons, counsel for Mr. McGirt asked that the district court, rather than considering the presentence report's sentencing guideline range of 33 to 41 months (based on a total offense level of 13 and a criminal history category of VI), instead consider a sentencing guideline range of 18 to 24 months (based on a total offense level of 9 and a criminal history category of V). (J.A. 17).[1]

In response, counsel for the government told the court that the government concurred with the recommendation set forth in the presentence report, to wit, a term of imprisonment at the high end of the original sentencing guideline range of 33 to 41 months. (J.A. 18). In support of that position, counsel for the government first argued that Mr.

---

[1]    In addition, counsel for Mr. McGirt asked that the district court give a state court judge the ability to run concurrently any sentence that may be imposed in the future as a result of a pending state probation violation proceeding. (J.A. 18). As it is not relevant to Mr. McGirt's appeal, that argument is not discussed further in the instant brief.

6

McGirt had been under supervision by the court, in some form, since he was 18 years old. (J.A. 19). In addition, counsel for the government pointed out to the district court that Mr. McGirt had previously received a 6-year term of imprisonment, a term longer than the high end of the sentencing guideline range in the presentence report, without deterrent effect. (J.A. 19). Finally, counsel for the government noted that Mr. McGirt had been on probation at the time of the relevant offense conduct. (J.A. 19).

The district court adopted the presentence report as prepared by the probation officer. (J.A. 15). However, the court agreed with Mr. McGirt's argument that his guideline calculation had attributed too much weight to the possession of the printer, given the total amount of money involved in the conspiracy. (J.A. 23). As a result, the district court announced that it was varying downward, using the sentencing guideline range for a defendant with a total offense level of 11 as a guide, rather than that for a defendant with a

total offense level of 13 as calculated in the presentence report.  (J.A. 24).[2]

Accordingly, the district court sentenced Mr. McGirt to a term of 30 months

imprisonment on Count One of the indictment.  (J.A. 24, 30).  Mr. McGirt

timely appealed.  (J.A. 35).

---

[2]     Although the district court did not so explicitly state, the sentencing
guideline range for a defendant with a total offense level of 11 and a
criminal history category of VI would have been 27 to 33 months.

## SUMMARY OF ARGUMENT

Korey Maurice McGirt's sentence must be vacated and his case remanded for resentencing because the district court erroneously calculated his criminal history category and, as a result, his sentencing guideline range. This is the case because a 2005 conviction under South Carolina's Youthful Offender Act ("YOA") for which the presentence report assessed three criminal history points – thus elevating Mr. McGirt's criminal history category from a V to a VI – should not have been treated as an adult conviction under U.S.S.G. § 4A1.2(d)(1). The district court's error in relying on the criminal history category as calculated in the presentence report was plain and affected Mr. McGirt's substantial rights because, without it, Mr. McGirt's sentencing guideline range – prior to the district court's downward variance – would have been 24 to 30 months instead of 33 to 41 months. As a result, Mr. McGirt respectfully requests that his sentence be vacated and that his case be remanded for resentencing.

9

## ARGUMENT

**The District Court Erroneously Assessed Three Criminal History Points for a 2005 Conviction Under South Carolina's Youthful Offender Act ("YOA"), Thereby Elevating Mr. McGirt's Criminal History Category And, As A Result, His Sentencing Guideline Range**

*Standard of Review*

This Court reviews an issue raised for the first time on appeal for plain error. *See United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). In order to establish plain error, the appealing party must show that an error (1) was made, (2) was plain, and (3) affected substantial rights. *Id.* at 577. "A sentence based on an incorrect guideline range constitutes an error affecting substantial rights and can thus constitute plain error." *United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996) (citation omitted).

*Argument*

Here, the district court erroneously assessed three criminal history points for a 2005 conviction under South Carolina's Youthful Offender Act ("YOA") that Mr. McGirt sustained under when he was only seventeen years old. This error was plain and affected Mr. McGirt's

10

substantial rights because the additional three criminal history points elevated his criminal history category from a V to a VI and correspondingly elevated his sentencing guideline range. Accordingly, the district court's sentence must be vacated and the matter remanded for resentencing.

Under South Carolina law, courts have the ability to punish certain "youthful offenders" not strictly as adults but instead under the provisions of the state's Youthful Offender Act ("YOA"). S.C. Code Ann. § 24-19-50. A youthful offender, under some circumstances, can include offenders up to twenty-four years of age. S.C. Code Ann. § 24-19-10. The YOA gives courts discretion to impose a variety of punishments, including but not limited to imprisonment, upon certain first-time offenders. S.C. Code Ann. § 24-19-50.

According to the presentence report prepared in the instant case, on June 14, 2005, Mr. McGirt was sentenced in Malboro County, South Carolina on three separate charges stemming from when he was just seventeen years old: (1) Felony Violation of the South Carolina Education

11

Lottery Act; (2) Second Degree Burglary; and (3) Misdemeanor Malicious Injury to Property.  (J.A. 44).  After initially being placed on a term of probation, Mr. McGirt subsequently appears to have been sentenced to six years imprisonment on the burglary charge on August 12, 2006.  (J.A. 44).  However, on March 30, 2007, Mr. McGirt was released from that term to the supervision of the YOA's Youthful Offender Conditional Release ("YOCR") program. (J.A. 44).  While this release was revoked on January 7, 2008, Mr. McGirt was *again* placed on YOCR on November 26, 2008, and that supervision term was eventually terminated without further evidence of difficulty on November 30, 2009.  (J.A. 44). [3]

By its very language, the presentence report makes clear that Mr. McGirt was sentenced under the provisions of the YOA.  Yet, despite the fact that Mr. McGirt was only seventeen years old at the time that he received this sentence, the presentence report assessed three criminal history points pursuant to the provisions of U.S.S.G.  §§  4A1.1(a) and

---

[3]     Under the YOA, youthful offenders may be conditionally released to YOCR at any time and may be unconditionally released from that supervision after one year.  S.C. Code Ann. § 24-19-110.

4A1.2(d)(1), as if Mr. McGirt had sustained an adult conviction carrying a term of imprisonment of a year or more.[4]  Although Mr. McGirt does not dispute that at one time the 2005 burglary conviction under the YOA appears to have carried a term of imprisonment exceeding one year, there is no evidence that the conviction he received was an *adult* conviction, and not a juvenile one, as required by U.S.S.G. § 4A1.2(d)(1).

This Court does not appear to have directly addressed the question presented in the instant case.  Although the Court has considered whether YOA convictions can serve as predicate convictions of one kind or another, those decisions were concerned with the maximum punishment theoretically available under the YOA, and *not*, as here, with whether YOA convictions are adult or juvenile convictions for purposes of U.S.S.G. § 4A1.2(d)(1).  *See, e.g., United States v. Williams*, 508 F.3d 724 (4th Cir. 2007) (YOA conviction could serve as Armed Career Criminal

---

[4]     U.S.S.G. § 4A1.2(d)(1) states that, in order to receive three criminal history points under that subsection, a defendant must be "convicted as an adult" and "receive[] a sentence of imprisonment exceeding one year and one month."   U.S.S.G. § 4A1.2(d)(1).

Act predicate); *United States v. Mobley*, 482 Fed. Appx. 766 (4th Cir. 2012) (*per curiam*) (unpublished) (YOA conviction could be classified as felony drug offense for purposes of mandatory life sentence provision); *United States v. Crumblin*, 441 Fed. Appx. 180 (4th Cir. 2011) (*per curiam*) (unpublished) (YOA conviction could qualify for purposes of career offender designation). *But cf. United States v. Pinion*, 4 F.3d 941 (11th Cir. 1993) (recognizing that YOA conviction was not clearly classified by South Carolina as an "adult" conviction, but assessing criminal history points based on the length of sentence served by defendant nonetheless).

The YOA does not *require* that courts implement its provisions; it is simply an option. Therefore, a South Carolina court's decision to give a youthful offender a "break" under the provisions of the YOA, rather than sentencing him as a traditional adult, should be respected by federal district courts when assessing whether such a conviction serves as an adult conviction for purposes of U.S.S.G. § 4A1.2(d)(1).

Mr. McGirt's sentencing guideline range in the instant case, as calculated by the probation officer in the presentence report, was originally 33 to 41

14

months, based on a total offense level of 13 and a criminal history category of VI.  However, the district court judge indicated that she felt Mr. McGirt's total offense level was unfairly inflated and that she was instead basing her downward variance to an ultimate sentence of 30 months on a sentencing guideline range attributable to a defendant with a total offense level of 11 and a criminal history category of VI.[5]  Although she did not explicitly so state, that range would have been 27 to 33 months.

If the district court had not erroneously accepted the presentence report's assessment of the three criminal history points for Mr. McGirt's 2005 conviction under the YOA, Mr. McGirt would have been a criminal history

---

[5]      In so explaining, the district court judge stated as follows: "[I] n the circumstances of this case, [the guidelines] give a bit too much weight to the fact that the defendant had a printer in his possession.  That ups him six levels, and that just seems a little excessive given the amount of money that he had.  So I am going to give him a bit of credit for that and vary downward. . . .  So if I give him credit for a couple of levels – I mean, I am not changing his calculation.  I am just explaining my – the way I went about this is to reduce – as if I had reduced the offense level a couple of levels. . . .  So what I am going to do is sentence him to 30 months in the custody of the Bureau of Prisons, and that – I referred to somebody who had a total offense level of 11 for some guidance on that, given my thoughts on the reason the guidelines were not quite right."  (J.A. 23-24).

category V.[6]  It stands to reason that, in that case, the district court judge would likely have based her sentence on the sentencing guideline range attributable to a defendant with a total offense level of 11 and a criminal history category of V, namely, 24 to 30 months, and not 27 to 33 months.

Nothing in the presentence report serves to indicate that Mr. McGirt's 2005 conviction under the YOA was *not* a juvenile conviction, and the district court's error in assessing three criminal history points for the conviction as if it were an adult conviction affected Mr. McGirt's substantial rights. Without the three points assessed for this conviction, Mr. McGirt's criminal history category would have been a V and his sentencing guideline range would have been correspondingly lower, both in the presentence report and as calculated by the district court at sentencing for variance purposes.  Accordingly, for all of the foregoing reasons, Mr. McGirt respectfully requests that this Court vacate his sentence and remand the case for resentencing.

---

[6]    Including the three points at issue here, the presentence report assessed 13 criminal history points for Mr. McGirt, the lowest number required to place him in criminal history category VI.  (J.A. 58).

16

## CONCLUSION

For all of the foregoing reasons, the appellant, Korey Maurice McGirt, respectfully requests that his sentence be vacated and that the case be remanded for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. McGirt does not request oral argument unless the Court believes such argument would aid the decisional process.

Respectfully submitted this 30th day of April, 2014.

/s/ *Bettina Kay Roberts*
BETTINA K. ROBERTS
CJA Counsel – Appointed
North Carolina Bar No. 42319

17

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>13-4986</u>        Caption: <u>United States v. Korey Maurice McGirt</u>

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines.  Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines.  Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

☑    this brief contains <u>2,717</u> [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐    this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger.  A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☑    this brief has been prepared in a proportionally spaced typeface using
<u>Microsoft Word</u> [*identify word processing program*] in
<u>Palantino-Linotype size 14</u> [*identify font size and type style*]; or

☐    this brief has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

<u>(s) Bettina Kay Roberts</u>

Attorney for <u>appellant</u>

Dated: <u>April 30, 2014</u>

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, and the Clerk will send notice of such filing to the following registered CM/ECF participant:

Terry Michael Meinecke
U.S. Attorney's Office
P.O. Box 1858
Greensboro, NC 27402
terry.meinecke@usdoj.gov

**/s/ Bettina Kay Roberts**
Bettina Kay Roberts
Attorney for Appellant
2026 Pershing Street
Durham, NC 27705
(917) 623-0402
bettina.roberts@gmail.com
N.C. State Bar No. 42319
CJA Panel Attorney – Appointed